UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ALFONSO AGUILAR MIRANDA,

Petitioner,

v.

WARDEN,

Respondent.

No. 2:26-cv-01077-DAD-CKD

ORDER DENYING MOTION TO LIFT PRELIMINARY INJUNCTION

(Doc. No. 8)

On August 4, 2026, respondent filed a motion to "lift preliminary injunction" to the extent that the court's prior March 26, 2026 order (Doc. No. 7) enjoined petitioner's re-detention without a pre-deprivation hearing. (Doc. No. 8.) In that order, the court ordered that "[r]espondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-deprivation hearing before a neutral adjudicator" on the basis that petitioner was previously in contact with immigration authorities, was not detained by those authorities, there was no final order of removal, and accordingly due process required that petitioner be provided with a pre-deprivation hearing before any re-detention. (Doc. No. 7.) Respondent represents that, on July 2, 2026, petitioner was ordered removed *in absentia*. (Doc. No. 8 at 2.) Respondent therefore argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2). (*Id.*) Respondent, however, is incorrect. Petitioner was ordered removed *in absentia* and the order of removal

therefore does not become final until 180 days after July 2, 2026.[1] *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) ("Because *in absentia* removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period.") (internal citations omitted). Therefore, the court rejects respondent's argument that petitioner is now subject to mandatory detention pursuant to § 1231(a)(2).

Accordingly, the court DENIES respondent's motion to lift preliminary injunction (Doc. No. 8).

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that respondent is instead requesting that the court clarify the relief it previously granted in this case, the court also declines to do so. Respondent previously requested that additional language be added to this court's order stating that the petitioner may be detained without a pre-deprivation hearing in the event that a final removal order was issued. (Doc. No. 6 at 4–5.) The government has requested such language on several prior occasions. *See, e.g., Caal Leal v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00625-DAD-JDP (HC), 2026 WL 1879094 (E.D. Cal. June 30, 2026); *see also Singh v. Chestnut*, No. 1:26-cv-01867-DAD-CSK, 2026 WL 1697065 (E.D. Cal. June 11, 2026); *Cho-Cruz v. Warden, Cal. City Det. Facility*, No. 1:26-cv-04019-DAD-JDP, 2026 WL 1827509 (E.D. Cal. June 24, 2026). The court has clarified in the past that its view is that where its order is "predicated on the due process that petitioner is entitled to regarding pre-removal detention[,]" the court's order does not restrict detention following entry of a final removal order. *Rubiano v. Warden of the Central Valley Annex Det. Facility*, No. 1:26-cv-03185-DAD-EFB (HC), 2026 WL 2035435, at *1 (E.D. Cal. July 14, 2026). Nevertheless, the court notes that respondent's confusion on the admittedly complex issue of whether a removal order was final likely would have resulted in petitioner's unlawful detention if respondent's suggested language had been added to the order issued in this case as respondent requested. Although this issue was averted in this action, respondent's advancement of this argument does not instill any confidence on the part of the undersigned that the court should include the government's proposed language in the injunction in this action or in any future actions, particularly in light of respondent's demonstrated confusion regarding whether a particular removal order has become final. *See Li v. Albarran*, No. 1:26-cv-00980-DAD-EFB, 2026 WL 970529, at *1 (E.D. Cal. Apr. 10, 2026) (finding that the petitioner's *in absentia* order of removal was not final because 180 days had not passed since the entry of that order); *see also Gariote v. Warden, Cal. City Det. Facility*, No. 1:26-cv-02600-DAD-CKD, 2026 WL 1329920, at *4 (E.D. Cal. May 13, 2026) (finding that the petitioner was not subject to mandatory detention pursuant to § 1231(a)(2) where his removal order was currently pending on appeal before the BIA).